**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2996-18T2

MARY BITTNER,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

        Argued December 18, 2019 – Decided January 7, 2020

        Before Judges Mayer and Enright.

        On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. 2-1168227.

        Mary D'Arcy Bittner, appellant, argued the cause pro se.

        Jeffrey David Padgett, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Jeffrey David Padgett, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Mary D'Arcy Bittner appeals from a February 26, 2019 final administrative determination of the Board of Trustees (Board) of the Public Employees' Retirement System (PERS), denying her request for retroactive enrollment in PERS and deeming her ineligible for PERS benefits as the attorney for the City of Wildwood (City). We affirm.

The facts are straightforward. In May 2013, Bittner was appointed by the City's Board of Commissioners as the City's solicitor under a professional services contract. At that time, the City's ordinances required the solicitor "be appointed by the board of commissioners for a term of one year" and stated the position qualified for participation in the Defined Contribution Retirement Program (DCRP)[1] in accordance with N.J.S.A. 43:15C-2.

In July 2013, the City adopted an ordinance designating the solicitor as a municipal employee. According to Bittner, on September 3, 2013, the City's Commissioner of Public Affairs and Public Policy, who oversees the

_____

[1] PERS is a defined benefit retirement system "in which the employer promises a specified monthly benefit on retirement." Estate of Smith v. N.J. Div. of Taxation, 29 N.J. Tax 408, 416 (Tax Ct. 2016). The DCRP is a "defined contribution plan[], in which the State and the employee pay a specified or 'defined' amount of money from every paycheck to an outside investment fund for the benefit of the employee." Id. at 417. Unlike PERS, "the payout to the employee on retirement is unknown and speculative" under the DCRP. Ibid.

2

municipality's Department of Law, hired her to serve as the City's full-time, in-house attorney. In June 2014, the City again amended its ordinance and deemed the solicitor a full-time employee. In December 2015, the City and Bittner entered into a four-year agreement naming Bittner as the City's attorney. Since that date, the City and Bittner have contributed to Bittner's DCRP account.

Sometime in 2017, Bittner visited the Division of Pension and Benefits (Division) to challenge her enrollment in the DCRP and request enrollment in the PERS. In a comprehensive and detailed June 26, 2017 letter, the Division concluded Bittner was ineligible for PERS service credits in her position as the City's municipal solicitor.

Bittner appealed the Division's determination to the Board. Because the matter did not involve disputed questions of fact, the "Board was able to reach its findings of fact and conclusions of law without the need for an administrative hearing."

In a February 26, 2019 final administrative decision, the Board found "the statutes, regulations and relevant case law governing the PERS do not permit . . . participation in the PERS as of September 2013." The Board determined Bittner presented no legal authority to support her argument that a

3

municipality organized under a Walsh Act[2] form of government is exempt from N.J.S.A. 43:15C-1 to -15, also known as Chapter 92, governing the "Defined Contribution Retirement Program."

On appeal, Bittner claims eligibility for PERS participation because she was hired as the City's full-time attorney by a single commissioner in a municipality formed under the Walsh Act, rather than the full municipal governing body.  She asserts neither the "consent or approval of the elected governing body" was required to hire her as the City's municipal solicitor.  See N.J.S.A. 43:15C-2(a)(3).

Our review of a final agency decision is limited.  In re N.J. Dep't of Envtl. Prot. Conditional Highlands Applicability Determination, 433 N.J. Super. 223, 235 (App. Div. 2013) (citing Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009)).  "We must sustain the agency's action in the absence of a 'clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record[.]'"  Ibid. (quoting Circus Liquors, 199

_____

[2]  The Walsh Act, N.J.S.A. 40:70-1 to 40:76-27, applies to municipalities operating as a "commission form of government."  The Commission form of government combines executive and legislative functions and authority into the office of Commissioner.  City of Wildwood v. DeMarzo, 412 N.J. Super. 105, 111-12 (App. Div. 2010).  Under this form of government, each commissioner has the power to appoint personnel overseen by the individual commissioner's department.  The City is a Walsh Act municipality.

N.J. at 9).  The burden of proving an agency decision is arbitrary, capricious, or unreasonable is on the challenger.  Bueno v. Bd. of Trs., Teacher's Pension & Annuity Fund, 422 N.J. Super. 227, 234 (App. Div. 2011) (citing McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)).

On questions of law, our review is de novo.  In re N.J. Dep't of Envtl. Prot. Conditional Highlands Applicability Determination, 433 N.J. Super. at 235 (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)).  We are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue."  Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973).

Given our standard of review, and based on the undisputed facts and relevant law, we affirm substantially for the reasons set forth in the Board's February 26, 2019 final determination because the Board's determination was not arbitrary, capricious, or unreasonable.  We add the following comments.

In 2005, a task force was formed to evaluate issues facing the State's employee retirement systems.  See Benefits Review Task Force, The Report of the Benefits Review Task Force, Dec. 1, 2005, https://www.state.nj.us/ benefitsreview/final_report.pdf (Task Force Report).  The Task Force conducted an in-depth analysis of pension issues, focusing on creation of a pension system

for "public employees who dedicate their careers to government." Id. at 4, 17-20. The Task Force recommended disallowing pensions for "[p]rofessional service vendors, such as municipal attorneys" because they "simply do not meet the original purpose of the public retirement plan . . . ." Id. at 18. They also recommended "[a] defined contribution plan . . . for individuals such as appointees or elected officials who may only remain in public employment for a short period." Ibid.

In 2006, a special session of a joint legislative committee was held to review the Task Force's recommendations and reform public employee benefits. See 2006 Special Session Joint Legislative Committee, Public Employee Benefits Reform Final Report, Dec. 1, 2006, https://www.njleg.state.nj.us/propertytaxsession/opi/jcpe_final_report.pdf (Joint Legislative Report). The Joint Legislative Report adopted the Task Force's recommendation to "reduce if not eliminate 'the opportunity for political games with individual pensions.'" Id. at 61. The Joint Legislative Report recommended "the enactment of legislation to limit eligibility for defined benefit pension plans to full-time career employees." Id. at 62. It also followed the Task Force's suggestion to disallow pensions for all "professional services contractors." Id. at 83.

A-2996-18T2

In 2007, these recommendations were codified in new statutes, amending the State's pension benefits.  See Act of July 1, 2007, c. 92, 2007 N.J. Sess. Law Serv. 338-72 (Chapter 92) (codified as amended at N.J.S.A. 43:15C-1 to -15). Chapter 92 was enacted with the express purpose of "implementing various recommendations of the Joint . . . Committee." L. 2007, c. 92.  It created the DCRP, and mandated new government employees enroll in DCRP rather than PERS.

N.J.S.A. 43:15C-2 identifies the following governmental employees as eligible for participation in the DCRP:

> A person who commences service on or after the effective date of this section in an employment, office or position in a political subdivision of the State . . . pursuant to an appointment by an elected public official or elected governing body, that requires the specific consent or approval of the elected governing body of the political subdivision that is substantially similar in nature to the advice and consent of the Senate for appointments by the Governor of the State as that similarity is determined by the elected governing body and set forth in an adopted ordinance or resolution, pursuant to guidelines or policy that shall be established by the Local Finance Board in the Department of Community Affairs . . . .
>
> [N.J.S.A. 43:15C-2(a)(3).]

After Chapter 92 was enacted into law, the Local Finance Board in the Department of Community Affairs issued guidelines to local governments to

determine DCRP eligibility for employees. See Local Finance Notice 2008-10, "Guidance Concerning the 'Substantially Similar' Requirement of the Defined Contribution Retirement Program (N.J.S.A. 43:15C-2)" (April 28, 2008, modified Jan. 5, 2009) (LFN). In accordance with the LFN, "positions that involve executive decision-making or are senior management of the organization whose hiring or appointment requires approval of a governing body are DCRP positions." Id. at 2. The LFN determined DCRP membership was available for "[l]egal counsel to the organization regardless of title, i.e., municipal attorney, counsel, director of law, corporation counsel, solicitor, county counsel, etc. . . . ." Id. at 3.

Bittner argues Chapter 92 and the LFN do not apply to her appointment as the City's solicitor because her "hire, under the commission form of government, [did] not require the consent or approval of the governing body of the City of Wildwood[.]" She contends that because she was not hired in a way "that is substantially similar in nature to the advice and consent of the Senate for appointments by the Governor of the State," N.J.S.A. 43:15C-2(a)(3), DCRP is inapplicable and she is eligible for enrollment in PERS.

Bittner is not a full-time, career public service employee entitled to the benefit of the sweeping pension reforms of Chapter 92. She was hired by a

governing body to an executive decision-making position as the City's legal counsel. The Local Finance Board, consistent with the authority accorded to it under Chapter 92, adopted guidelines "to assist local units in making determinations of whether certain appointed employees are required to join the [DCRP]." LFN at 3. The LFN expressly stated legal counsel was a DCRP position without regard to the form of governance. Ibid.

The City's form of government does not alter the Legislature's clear intent to protect pensions for rank-and-file, career governmental employees through enactment of Chapter 92. Nor is there anything in the language of Chapter 92 or the LFN differentiating retirement eligibility for municipal attorneys based on the form of government.

Based on our review of the arguments and cited legal authority, Bittner is eligible for participation in the DCRP and is ineligible for enrollment in the PERS.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2996-18T2